IN THE UNITED DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Southern Division)

KIMBERLY N. RICHARDSON           :
9900 Edgewater Terrace               :
Fort Washington, MD  20744         :

           Plaintiff,           :

      v.                    :   Civil Action No._____

BED BATH AND BEYOND          :
715 Morris Avenue                 :
Springfield, NJ 07081             :

SERVE: Resident Agent          :

    The Prentice-Hall Corporation System, MA  :
    7 St. Paul Street, Suite 1660         :
    Baltimore, MD 21202            :

           Defendant.        :

## COMPLAINT

COMES NOW, the Plaintiff, KIMBERLY N. RICHARDSON, by and through counsel, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C. and Bruce M. Bender, Esq., and files suit against the Defendant, BED BATH AND BEYOND, and in support thereof states as follows:

**I.**    **Preliminary Statement**

1.    This complaint seeks declaratory and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the sexual harassment and sexual discrimination based on the extremely offensive and hostile work environment suffered by Plaintiff during her employment with the Defendant.

## II.  Jurisdiction

2.     This Court has jurisdiction of this matter under 42 U.S.C. §2000 et. seq.

and 28 U.S.C. §1331. Plaintiff filed a Charge of Discrimination with the U.S. EEOC and

EEOC issued a Right to Sue Letter on September 18, 2014 providing her 90 days to file

suit.

3.     Declaratory and equitable relief is sought pursuant to federal law as are

compensatory and punitive damages allowed by law.

## III.  Parties

4.     Plaintiff is a resident of Fort Washington, Maryland and is a female.

5.     Defendant Bed Bath and Beyond is a Corporation and engages in the sale

of goods primarily for the bedroom and bathroom, as well as kitchen and dining room

and performs substantial business in this District.

## IV.  Facts

6.     Plaintiff was formerly an employee at Bed Bath and Beyond ("BBB"),

located at 3270 Crain Highway, Waldorf, Maryland 20603 and served in the position of

Customer Service Manager at this location from April 5, 2010 until she was terminated

by Defendant in August 2013.

7.     At all times relevant to this Complaint, Plaintiff's first-line supervisor was

Assistant Store Manager David Partlow (herein after "Partlow"), and second-line

supervisor was Store Manager Elmo Reeder (hereinafter "Reeder").

8.     On numerous occasions during Plaintiff's employment, Partlow made

numerous extremely offensive remarks of a sexual nature to Plaintiff as well as took part

in offensive touching directed at Plaintiff.

2

9.      Specifically, on or about late September to mid October 2010, Partlow, while at work, continuously requested Plaintiff go to the movies with him, which Plaintiff first declined, but eventually succumbed to the request under fear of reprisal. Plaintiff and Partlow drove separate cars to the movie theater. During the movie, Partlow attempted to touch the Plaintiff in a sexual manner.  Following the movie, Partlow requested that Plaintiff be his girlfriend, which Plaintiff responded to in the negative.

10.     Following this incident, Partlow asked Plaintiff on several occasions to be his girlfriend and to meet him outside of work but Plaintiff refused his requests. Finally, she succumbed under pressure and met him twice at local grocery stores and Partlow attempted to hold her hand and hug her. Plaintiff refused his advances and Partlow became upset and agitated. On one occasion when Plaintiff denied his advances again, Partlow responded angrily, flailing his arms in the air and stating words to the effect of, "...you try to go to Human Resources on me if you want to, I wish you would, I'll make your life miserable," and then said "hey, this is a man's world" before walking away, causing Plaintiff to feel threatened by Partlow's behavior and causing Plaintiff to fear for her job security.

11.     Later in October 2010, shortly after Plaintiff refused Partlow's request to be his girlfriend, Partlow retaliated against Plaintiff for her denial of his advances, Specifically, on several occasions throughout Plaintiff's tenure at Bed Bath and Beyond Partlow prevented Plaintiff from training staff, which is a requirement of Plaintiff's position, in an attempt to negatively affect Plaintiff's work performance.

12.     In June 2011, Plaintiff was off duty and shopped at Defendant's store. Partlow grabbed her around the waist from behind and placed the front of his body in direct contact with Plaintiff.

13.     In or around February 2012, Partlow entered the gift packaging area of Bed Bath and Beyond while Plaintiff was cleaning and restocking gift package supplies and made offensive comments about Plaintiff's "titties" (referring to Plaintiff's breasts) and "ass" (referring to Plaintiff's buttocks). Partlow further commented on the placement of Plaintiff's walkie-talkie on her hip, telling Plaintiff that it accentuated Plaintiff's "ass." Partlow continued this inappropriate behavior even after Plaintiff asked that he stop, causing Plaintiff to leave the area and feel threatened and suffer severe emotional distress.

14.     In or around February 2012, Mr. Partlow followed Plaintiff into the Crain Highway Bed Bath and Beyond stockroom and offensively touched Plaintiff by intentionally pressing the front of his body into Plaintiff's left hip, trapping Plaintiff between himself and a ladder blocked by boxes of merchandise. Plaintiff could feel Partlow's erection through his pants and Partlow did not immediately move when Plaintiff demanded he stop touching her.  He trapped Plaintiff for some time before allowing her to leave the area. Plaintiff felt threatened and suffered severe emotional distress as a result of this behavior as well.

15.     In or around April/May 2012, Reeder made an inappropriate sexual comment to a customer in Plaintiff's presence when he stated that his name was, "Elmo, as in Tickle Me Elmo," and then "you can tickle me, or I can tickle you."

16.     Between January 2011 and September 2012, Plaintiff lodged numerous complaints to Reeder regarding Partlow's efforts to prevent Plaintiff from training staff. Reeder made it clear that he did not intend to do anything to address the issue or assist Plaintiff in resolving the matter.

17.     Plaintiff notified Defendant's Human Resources Department of these unlawful acts on July 31, 2012 and Defendant took no action to remedy the situation.

18.     As a result of Partlow and Reeder's actions in creating an intolerable hostile work environment, Plaintiff suffered severe depression, anxiety and took a medical leave of absence from Defendant beginning in August of 2012.

19.     Plaintiff in August 2013 was released to return to work as long as she was not required to work with Partlow. Defendant refused to allow her re-employment but instead terminated her employment.

20.     Specifically, Plaintiff, in a letter dated August 12, 2013, was notified by Lori Ella Jorif, Regional Director of Human Resources for Bed Bath and Beyond, that her employment had been terminated.

21.     As a result of Defendant's agents extremely hostile and offensive sexual remarks and behavior which Plaintiff experienced during her employment with Defendant, Plaintiff suffered, and continues to suffer, from migraine headaches and difficulty sleeping.

22.     Plaintiff experienced and continues to experience depression as a result of Defendant's agents actions.

23.     Plaintiff experienced and continues to experience bouts of anxiety on a daily basis as a result of Defendant's agents actions.

24.     Plaintiff has suffered lost wages and benefits as a result of the Defendant's unlawful actions.

25.     Plaintiff has incurred extensive medical bills in the past and will continue to incur them in the future as a result of Defendant's unlawful actions.

## COUNT I
### (Hostile Work Environment)

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of the Complaint with the same force and effect as if set forth herein.

27.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq makes it unlawful for an employer to discriminate against any individual on account of her sex.

28.     An employer may be held liable for a hostile environment based on gender, inflicted on an employee by her supervisor or co-worker.

29.     By failing to prevent and permitting a retaliatory hostile work environment, in which as shown above, Richardson's terms and conditions of employment were impacted and her dignity affronted, Defendant violated the statute.

30.     By firing Richardson for refusing to accept being victimized by sexual harassment, when it did not subject its male employees to improper touching, unwanted sexual requests and similar humiliation Defendant engaged in sex discrimination and violated the statute.

31.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damage as a result of Defendant's discriminatory and harassing practices and has suffered extreme emotional distress as well.

32.      Plaintiff was terminated by Defendant because she refused to acquiesce to her co-worker's sexual advances and she complained about said conduct; these actions by Defendant constitute sexual discrimination.

WHEREFORE, Plaintiff respectfully prays this Court enter judgment against Defendant for compensatory damages in the amount of $1,000,000.00 and punitive damages in the amount of $1,000,000.00 plus interest and the costs of this action and declare that Defendant has unlawfully discriminated against Plaintiff.

## COUNT II
**(Retaliation and Termination In Violation of Title VII)**

33.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth herein.

34.      Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq. makes it unlawful for an employer to retaliate against any individual who opposes unlawful discrimination and/or participates in EEO activities.

35.      By firing Richardson for protesting against sexual harassment and then protesting further, against prior retaliatory acts, when Defendant did not subject its non-protesting employees to retaliatory terminations, Defendant engaged in unlawful retaliation and violated the statute.

36.      Defendant's actions, as described above, caused serious financial and emotional harm to Richardson.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Kimberly Richardson, prays that the Court grant her the following relief:

(a)     A declaratory judgment that Defendant's conduct violated his rights.

(b)     Reinstatement and promotion to a position Richardson would have ascended to absent the retaliation and/or discrimination from which she suffered, with full backpay and benefits.

(c)     Compensatory damages, in an amount to be determined by the jury in accordance with the proof at trial, for the emotional harm caused by Defendant;

(d)     Punitive damages;

(e)     Prejudgment and post-judgment interest;

(f)     Reasonable attorneys' fees, expenses and costs;

(g)     Posting of notices on Defendants' premises notifying employees that Defendant has violated the anti-discrimination laws, and that employees who report future violations may not be subject to retaliation; and

(h)     Such other relief as the court shall deem just and proper.

Respectfully submitted,
AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.

Bruce M. Bender, Bar #02310
1401 Rockville Pike, Suite 650
Rockville, Maryland 20852
(301) 738-7660 Office
(301) 424-0124 Fax
E-mail: bmb@awbflaw.com

8

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

**KIMBERLY N. RICHARDSON**                    :
                                               :
        Plaintiff,               :
                                               :
  v.                                   :        Civil Action No._____
                                               :
**BED BATH AND BEYOND**                        :
                                               :
        Defendant.               :

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a jury trial in the instant matter.

Respectfully submitted,
AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.

Bruce M. Bender, Bar #02310
1401 Rockville Pike, Suite 650
Rockville, Maryland 20852
(301) 738-7660 Office
(301) 424-0124  Fax
e-mail: bmb@awbflaw.com